UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JUSTIN RAY MILLER, | ) |
|---|---|
| Petitioner, | ) |
| | ) No. 3:25-cv-00321 |
| v. | ) |
| MIKE FITZHUGH, *Sheriff*, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Justin Ray Miller, former pre-trial detainee in the custody of the Rutherford County Sheriff's Department in Murfreesboro, Tennessee, and current inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se, in forma pauperis Petition for Relief Pursuant to 28 U.S.C. § 2241 in March 2025. (Doc. No. 1).

As a preliminary matter, because Petitioner's site of detention has changed, the proper respondent to the petition is the Sheriff of Davidson County, Daron Hall.[1] See Rumsfield v. Padilla, 542 U.S. 426, 434 (2004) ("The proper respondent is the custodian who has the power to produce the petitioner before the habeas court.").

Respondent Daron Hall has filed a Motion to Dismiss the petition (Doc. No. 15), to which Petitioner has responded in opposition (Doc. Nos. 17, 23, 24). Petitioner has filed a Motion to Compel (Doc. No. 18), a Motion for Summary Judgment (Doc. No. 19), a Motion for Records

---

[1] Counsel for Mr. Hall refers to him as "Darren Hall" but the Court takes judicial notice of the proper spelling of Sheriff Daron Hall's name and uses it herein. See https://sheriff.nashville.gov/meet-sheriff-hall/ (last visited February 2, 2026).

(Doc. No. 25), a "Motion of Consideration" (Doc. No. 27), and a Motion to Appoint Counsel (Doc. No. 28).

## I. PROCEDURAL HISTORY

On June 6, 2023, a Rutherford County Grand Jury returned an indictment against Petitioner in Case Number 89771 on one count of attempted theft in the amount of $10,000 to $60,000 and one count of criminal simulation of the same amount. (Doc. No. 13-1 at 37). On April 8, 2025, Petitioner accepted a settlement agreement and entered a plea of guilty as to the charge of attempted theft in the amount of $10,000 to $60,000. (Id. at 63). In accepting this agreement, Petitioner accepted the agreed-upon sentence of eight years to serve at forty-five percent as a Range II offender. (Id. at 69, 73). Petitioner's eight-year sentence was suspended to supervised probation. (Id. at 73). As part of the settlement agreement, Petitioner's indicted charge of criminal simulation was dismissed. (Id. at 77). Public case information confirms that Petitioner has not sought post-conviction relief. See Rutherford County Online Court Records System (https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=2A9336A8-E5C4-4778-9A87-E4D5961DC4DF&dsid=23e44664) (last accessed February 3, 2026).

On March 16, 2025,[2] Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C § 2241. (Doc. No. 1). On April 1, 2025, Petitioner filed a Supplement to his

---

[2] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Thus, the Court considers the date of filing as March 16, 2025, the date that Petitioner deposited his petition into the prison mail system (see Doc. No. 1 at 9) instead of March 20, 2025, the date the petition was received by the Clerk's Office.

In the Memorandum filed in support of Respondent's Motion to Dismiss, counsel for Respondent asserts that Petitioner was not incarcerated at the time he filed the instant petition. (See Doc. No. 16 at 2 n.3) (asserting that the prison mailbox rule did not apply to Petitioner because he was not

petition. (Doc. No. 6). By Order entered on May 6, 2025, this Court directed Respondent to file a response to the petition. (Doc. No. 8). Respondent filed a Motion to Dismiss, asking the Court to dismiss the petition without prejudice because Petitioner has not fully exhausted his available state-court remedies. (Doc. No. 14).

## II. ANALYSIS OF PETITION UNDER 28 U.S.C. § 2241

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)).

Here, at the time he filed his Section 2241 petition (on March 16, 2025), Petitioner was a pre-trial detainee in the custody of the Rutherford County Adult Detention Center awaiting the disposition of his criminal charges in Case # 89771. Among other allegations, Petitioner alleges that he was deprived of the ability to represent himself in his criminal case because the state-court judge appointed a public defender to Petitioner. (See Doc. No. 1 at 3, 6). At that time, filing a

---

incarcerated at the time he filed his petition). However, Petitioner provided the Rutherford County Adult Detention Center as his mailing address in his petition (Doc. No. 1 at 1, 10) and submitted a certified inmate trust account statement signed by the custodian of his account at the Rutherford County Adult Detention Center. (Doc. No. 2 at 3). The Court therefore finds that Petitioner was incarcerated at the time he filed his petition on March 16, 2025, and eligible for the application of the prison mailbox rule.

petition under Section 2241 was appropriate because Petitioner was a state pre-trial detainee who alleged he was being held in violation of the Constitution or the laws of the United States.

However, on April 8, 2025, Petitioner entered a plea of guilty to his charges while his Section 2241 petition was pending. Once that happened, Petitioner's custody was based on a judgment of conviction, making his Section 2241 petition moot unless it challenged the execution of his sentence (as opposed to the validity of the conviction itself). None of the claims raised in the petition challenged the execution of his sentence.

In Respondent's Motion to Dismiss, Respondent notes that "Petitioner's habeas petition is to be reviewed through the lens of § 2254 because Petitioner is in custody on a final state court judgment." (Doc. No. 15 at 1 n.2). Respondent then goes on in his Memorandum in Support of the Motion to Dismiss to analyze Petitioner's claims under those brought pursuant to 28 U.S.C. § 2254.

Petitioner does not appear to have ever filed a petition under 28 U.S.C. § 2254 challenging the conviction in Case Number 89771.[3] Nonetheless, the Court finds that it is inappropriate at this time to construe the instant petition as one brought under Section 2254 because, barring certain circumstances, Petitioner only has one opportunity to file a Section 2254 petition and would not have been on notice that his Section 2241 petition was being construed as his one Section 2254 petition. See Martin v. Overton, 391 F.3d 710, 713-715 (6th Cir. 2004) (finding that the rule of In re Shelton, which requires notice to a petitioner before the petition is recharacterized as a Section 2255 petition, applied to a petitioner's Section 2241 petition which the district court had recharacterized as a Section 2254 petition without providing notice to the petitioner); Warren v.

---

[3] Petitioner filed another Section 2241 petition after the instant petition, but that petition appears to concern charges pending in the Davidson County General Sessions Court. See Justin Ray Miller v. Darren Hall, Sheriff, No. 3:25-cv-1022 (M.D. Tenn. filed 9/10/2025) (Richardson, J.).

4

Miller, No. 1:05-CV-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) ("Rather than recharacterizing Petitioner's claims [brought in his Section 2241 petition] to § 2254 claims, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim he may file in the future."). Accordingly, the instant Section 2241 petition will be dismissed without prejudice.

### III. CONCLUSION

For the reasons explained above, the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

Respondent's Motion to Dismiss (Doc. No. 15) is **GRANTED**, but for different reasons than those set forth in the Motion and supporting Memorandum of Law.

Petitioner's Motion to Compel (Doc. No. 18), Motion for Summary Judgment (Doc. No. 19), Motion for Records (Doc. No. 25), "Motion of Consideration" (Doc. No. 27), and Motion to Appoint Counsel (Doc. No. 28) are **DENIED AS MOOT**.

A habeas petitioner seeking to appeal must either pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to Federal Rule of Appellate Procedure 24(a). See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because the Court elects to dismiss the instant Section 2241 without prejudice to Petitioner's ability to file a Section 2254 petition rather than recharacterize the Section 2241

petition as Petitioner's one Section 2254 petition without notice to Petitioner, the Court **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.

If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE